

MICHAEL P. LOWRY, ESQ.
Nevada Bar No. 10666
E-mail: Michael.Lowry@wilsonelser.com
6689 Las Vegas Boulevard South, Suite 200
Las Vegas, NV 89119
Tel: 702.727.1400/Fax: 702.727.1401
Attorneys for Amateur Athletic Union of the United States, Inc.

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Amateur Athletic Union of the United States, Inc.<br><br>Plaintiff,<br><br>vs.<br><br>Estate of Matthew Williams; Jam On It Basketball Academy, Inc.; Jam On It, LLC,<br><br>Defendants. | Case No.:   3:24-cv-150<br><br>**Complaint** |

## JURISDICTION

1. This court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

2. This Court has personal jurisdiction over Defendants because each is organized in Nevada and at least one of the LLCs' members is a Nevada citizen.

## VENUE

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(1), in that Defendants reside in this district, and under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

4. Plaintiff AAU is a corporation incorporated in the State of New York with its principal place of business in Orlando, Florida. Since 1888, the AAU has raised tomorrow's leaders on today's playgrounds and is the largest multi-sport non-profit organization in the country.

294945625v.3

1    For over 130 years, the AAU has offered youth the opportunity to participate in amateur
2    athletics.
3    5. Upon information and belief, Matthew Williams was a principal of defendants Jam On It
4    Basketball Academy, Inc. and Jam On It, LLC (collectively, the "Jam On It Entities").  He
5    negotiated and consummated the contracts on behalf of both entities.  AAU is informed that
6    Williams recently died.  The administrator of his estate is unknown, but AAU will add the
7    administrator to the complaint once the administrator is identified.
8    6. Upon information and belief, Defendant JAM ON IT BASKETBALL ACADEMY INC.
9    ("JOI Basketball") is a Domestic Nonprofit Corporation that is incorporated in the State of
10   Nevada and has its principal place of business in Reno, Nevada. Upon information and
11   belief, Matt Williams was an Officer of JOI Basketball.
12   7. Upon information and belief, Defendant JAM ON IT L.L.C. ("JOI") is a limited liability
13   company formed in October 2013 under the laws of the State of Nevada and does business
14   in Reno, Nevada. Upon information and belief, Matt Williams is the Managing Member of
15   JOI.

16                                    **FACTS**

17   8. In March, 2020 the COVID-19 pandemic hit the United States and disrupted nearly every
18   aspect of daily life.  This included AAU and the Jam On It entities.
19   9. The Jam On It entities approached AAU through Matthew Williams.  They asserted the
20   COVID-19 pandemic had disrupted their cash flow and they were on the verge of
21   insolvency.
22   10. Through Williams, the Jam On It entities requested that AAU loan them money to help
23   Defendants survive the COVID-19 pandemic.
24   11. AAU agreed to loan the money on an emergency basis.  AAU's understanding was the
25   funds it loaned would be used to cover the Jam On It entities' payroll and reimburse it for
26   deposits they had to refund.
27   12. In exchange, Defendants agreed to either transfer ownership of the Jam On It entities to
28   AAU or to repay the loans.

294945625v.3

13. First, AAU made monthly loans to fund the Jam On It entities' payroll.  AAU transferred funds monthly to the entities' payroll vendor, Nevada Payroll Services, LLC.  The vendor then presumably used the funds to pay the entities' payrolls.

14. There were 15 payroll loans from March 31, 2020 until May 31, 2021, totaling $435,712.63.
    a. March 31, 2020 for $34,049.88.
    b. April 30, 2020 for $31,353.93.
    c. May 31, 2020 for $28,622.58
    d. June 30, 2020 for 28,622.58.
    e. July 31, 2020 for $29,154.32.
    f. August 31, 2020 for $29,686.23.
    g. September 30, 2020 for $29,521.28.
    h. October 31, 2020 for $29,251.22.
    i. November 30, 2020 for $28,984.32.
    j. December 31, 2020 $31,778.62.
    k. January 31, 2021, $26,738.34.
    l. February 28, 2021 for $26,623.34.
    m. March 31, 2021 for $26,623.34.
    n. April 30, 2021 for $26,623.34.
    o. May 31, 2021 for $27,809.31.

15. Due to the pandemic, the entities also had to refund deposits received from businesses and individuals who had planned to participate in the Jam On It Entities' tournaments.  AAU agreed to advance funds for the Jam On It entities to refund those deposits.

16. On behalf of the Jam On It Entities, the AAU paid an $80,000 deposit refund to Select Events.

17. AAU also refunded individual deposits to participate in the Jam On It Entities' tournaments. These totaled $56,850 for basketball registrations, $29,550 for volleyball registrations, and $23,536.90 for wrestling registrations.

18. AAU also reimbursed the Jam On It Entities for a $38.45 FedEx shipping charge.

294945625v.3

19. In total, AAU paid $109,975.35 in refunds and shipping charges on the Jam On It Entities' behalf.

20. The Jam On It entities' ownership was never transferred to AAU.

21. The Jam On It entities have not repaid the loans or the funds advanced to cover registration refunds and the shipping charge.

22. In total, AAU loaned or advanced $625,687.98 for the Jam On It Entities' benefit. AAU wants its money back.

23. Separately, in consideration for the Jam On It Entities operating tournaments that benefitted AAU members, AAU loaned equipment to the Jam On It Entities to use in those tournaments. The equipment AAU provided was valued in excess of $75,000.

24. The Jam On It entities did not return the equipment. As of this complaint, the Jam On It entities still have not returned AAU's equipment.

### 1st Cause of Action: Breach of Contract

25. AAU repeats and realleges the preceding paragraphs as if fully set forth herein.

26. AAU entered contracts with Defendants. These contracts required AAU to loan money to Defendants to help see them through the COVID-19 pandemic.

27. AAU fulfilled its obligations by providing the money to Defendants.

28. Defendants have not repaid the loans and thus have breached their contractual obligations.

29. Further, the AAU loaned equipment to Defendants, which has not been returned.

30. This breach has damaged AAU in an amount exceeding $75,000.

### 2nd Cause of Action: Breach of Covenant of Good Faith and Fair Dealing

31. AAU repeats and realleges the preceding paragraphs as if fully set forth herein.

32. In Nevada there is an implied covenant of good faith and fair dealing in every contract. Applied here, Defendants entered oral contracts with AAU.

33. AAU complied with the terms of that contract by providing the loan funds to Defendants to help see them through the COVID-19 pandemic.

34. Defendants have not repaid the loans.

294945625v.3

35. Defendants' failure to repay the loans deliberately contravenes the intention and spirit of their contracts with AAU.

36. Likewise, the AAU loaned equipment to Defendants, which has not been returned.

37. Defendants' breach of the covenant of good faith and fair dealing has damaged AAU in an amount exceeding $75,000.

### 3rd Cause of Action: Unjust Enrichment

38. AAU repeats and realleges the preceding paragraphs as if fully set forth herein.

39. AAU conferred a benefit upon Defendants by loaning them money to help them survive COVID-19 related difficulties.

40. Defendants survived their COVID-19 related difficulties with the assistance of the money that AAU loaned to them.

41. Defendants have not repaid the loans.

42. AAU loaned equipment to Defendants, which has not been returned.

43. Defendants have thus been unjustly enriched by retaining the benefit of the money and equipment the AAU loaned to them.

44. This unjust enrichment has damaged AAU in an amount exceeding $75,000.

### 4th Cause of Action: Conversion

45. AAU repeats and realleges the preceding paragraphs as if fully set forth herein.

46. AAU loaned its equipment to Defendants.

47. Defendants retained possession of AAU's equipment without AAU's consent.

48. Defendants deprived AAU of control and use of the equipment.

49. This conversion has damaged AAU in an amount exceeding $75,000.

///

///

///

294945625v.3

**Request for Relief**

AAU requests judgment against Defendants as follows:

1. Special damages in an amount exceeding $75,000;
2. Pre and post-judgment interest;
3. Attorneys' fees if allowed;
4. Any other relief the court deems proper.

DATED this 29th day of March, 2024.



BY: */s/ Michael Lowry*
MICHAEL P. LOWRY
Nevada Bar No. 10666
Attorneys for Amateur Athletic Union of the United States, Inc.

294945625v.3